UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

RICHARD A. BATTERSBY, }
ON BEHALF OF HIMSELF AND }
ALL OTHERS SIMILIARLY SITUATED, }
    }
              Plaintiff, } Civil Action, File No.
    v } 2:18-cv-00611-SJF-AKT
    }
MIDLAND FUNDING LLC,  AND }
MIDLAND CREDIT MANAGEMENT, INC., }
    }
              Defendant. }

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Richard A. Battersby [hereinafter "Battersby"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Midland Credit Management, Inc. ["MCM"] and Midland Funding, LLC ["Midland""],, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district.  Venue in this district also is proper based on MCM and Midland possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Defendants also derive substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Battersby is a natural person who resides at 719 3rd Street, Ronkonkoma, NY 11779.

6. Battersby is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about August 31, 2016, MCM, on behalf of Midland, sent Battersby the letter annexed as Exhibit A. Battersby received and read Exhibit A. For the reasons set forth below, Battersby's receipt and reading of Exhibit A deprived Battersby of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, MCM, on behalf of Midland, sent Exhibit A to Battersby in an attempt to collect a past due debt due to Midland.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Juniper Financial for his individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. At some point prior to the issuance of this credit card account, Juniper Financial was purchased by Barclays Bank Delaware. MCM, via Exhibit A, on behalf of Midland, attempted to collect this past due debt from Battersby in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. MCM is a Kansas Domestic Business Corporation and a New York Foreign Business Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  MCM possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, MCM sets forth that it is attempting to collect a debt.  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon MCM possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of MCM is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. Midland is a Delaware Domestic Limited Liability Corporation and a New York Foreign Limited Liability Corporation.

16. Midland's primary business consists of the purchases of defaulted debts due from consumers from entities which currently own the defaulted debts, and the subsequent hiring of agents, attorneys, and/or third-party debt collectors to attempt to collect these defaulted debts from consumers.

17. If the aforementioned agents, attorneys, and/or third-party debt collectors hired to attempt to

collect the aforementioned purchased defaulted debt are able to obtain payment, the payments are made payable to Midland and/or are received on behalf of or for the benefit of Midland.

18. On its website at https://www.midlandfunding.com/faqs/ Midland describes itself as follows:

> **Who is Midland Funding?**
> Midland Funding LLC is one of the nation's largest buyers of unpaid debt. For example, we may buy an unpaid credit card account. This happens when a company decides to sell the unpaid account rather than continue collection efforts. Midland Funding LLC purchases accounts with an unpaid Current Balance when:
> - An account has gone at least 180 days without making a payment, or
> - Someone paid less than the minimum monthly payment for at least 180 days, and
> - The original creditor wishes to sell the right to collect on the account Current Balance.

19. Midland's website at https://www.midlandfunding.com/faqs/ also contains the following information:

> **Is Midland Funding on your Credit Report?**
> Get your account history and details, plus flexible payment options – no account number needed
> REGISTER NOW
>
> **Why does Midland Funding appear on my credit report?**
> When an account is charged-off, it generally remains on your credit report for seven years from the date you originally went delinquent. When an account is sold, the original account may be updated on the credit report to show it was transferred to a new owner, or the original creditor may choose to delete their reporting. Midland Funding appears on your credit report because it is the owner of your charged-off account, but the seven year reporting period continues to be calculated from the date your account went delinquent with the original creditor.
>
> Per our policy, we stop credit reporting on accounts that are Paid in Full or Paid in Full for less than the full Current Balance and more than two years past the date of delinquency. For more information visit https://www.midlandcreditonline.com/help-center/credit-reporting/
>
> To find out how you can resolve this obligation call us at (800) 296-2657.

20. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present, Midland has been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that Midland became the owner of the debt from the original creditor.

21. The aforementioned consumers include New York City residents.

22. Midland possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

23. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

24. Based upon Exhibit A and the above allegations, the principal purpose of Midland is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and therefore, Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**FIRST CAUSE OF ACTION-CLASS CLAIM**

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-24 of this Complaint.

26. Exhibit A set forth a "Current Balance" of $1,940.46.

27. Any "Current Balance" resulted from an agreement between Battersby and Juniper Financial; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

28. Based on Exhibit A using the words "Current Balance" and pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Juniper Financial and any assignee or successor-in-interest such as Midland on any "Current Balance" due but unpaid to Juniper Financial and any assignee or successor-in-interest such as Midland.

29. Based on Exhibit A using the words "Current Balance" and pursuant to the aforementioned agreement, Juniper Financial and any assignee or successor-in-interest such as Midland had a legal right at any time to collect from Battersby the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Juniper Financial and any assignee or successor-in-interest such as Midland on any "Current Balance" due but unpaid to Juniper Financial and any assignee or successor-in-interest such as Midland.

30. The aforementioned right to collect from Battersby the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance" is not waived by Juniper Financial or any assignee or successor-in-interest such as Midland as a result of a failure by either Juniper Financial and any assignee or successor-in-interest such as

Midland at any point in time to attempt to collect from Battersby the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance".

31. On the date of Exhibit A, neither MCM nor Midland may have had any intention of seeking from Battersby the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance".  However, at any time after the date of Exhibit A, Midland had the right to instruct MCM to seek from Battersby the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance".  In the alternative, at any time after the date of Exhibit A, Midland had the right to recall Battersby's account from MCM.  If such a recall occurred, MCM would not know whether or not Midland would exercise its aforementioned right to seek from Battersby the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance".  Also, if such a recall occurred, MCM would not know whether or not Midland would sell Battersby's debt to a party who then would exercise the aforementioned right to seek from Battersby the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance".

32. For the above reasons, at any time after the date of Exhibit A, the "Current Balance" due from Battersby and/or the "Current Balance" sought from Battersby may have increased due to the aforementioned accrued interest, late charges, and/or other charges.  However, Exhibit A failed to notify Battersby that her "Current Balance" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

33. Although Exhibit A sets forth a settlement offer, Exhibit A failed to notify Battersby that if he did not pay the amount of the settlement offer then the "Current Balance" of $1,940.46 may increase due to the aforementioned accrued interest, late charges, and/or other fees.

34. Although Exhibit A sets forth a settlement offer, Exhibit A failed to notify Battersby that his payment of the settlement offer would result in full satisfaction of the debt if payment is made by a specific date.

35. Upon information and belief, Midland or an entity on its behalf issued work standards, directives, and/or guidelines to MCM which contained instructions, controls, and rules governing the steps MCM could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

36. All the actions alleged in this Complaint taken by MCM were taken by MCM as the "debt collector" for the "debt collector" Midland.

37. Based on the allegations in the above two paragraphs, Midland is vicariously liable for the actions of MCM.

38. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendants violated 15 USC § 1692e by sending Exhibit A to Battersby.

## SECOND CAUSE OF ACTION-CLASS CLAIM

39. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-24 of this Complaint.

40. Exhibit A sets forth a "Current Balance" of $1,940.46.

41. Upon information and belief, Midland or an entity on its behalf issued work standards, directives, and/or guidelines to MCM which contained instructions, controls, and rules governing the steps MCM could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

42. All the actions alleged in this Complaint taken by MCM were taken by MCM as the "debt collector" for the "debt collector" Midland.

43. Based on the allegations in the above two paragraphs, Midland is vicariously liable for the actions of MCM.

44. If interest, late charges, and/or other charges were not accruing on any amount due to Midland, then, for the reasons set forth in *Islam v American Recovery Service Incorporated* 17-cv-4228 (BMC) (EDNY 2017), Defendants violated 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the amount due to Midland as the "Current Balance".

## THIRD CAUSE OF ACTION-CLASS CLAIM

45. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-24 of this Complaint.

46. Exhibit A sets forth a "Current Balance" of $1,940.46.

47. Exhibit A does not set forth that the "Current Balance" of $1,940.46 may increase due to interest, late charges, and/or other charges.

48. Since Exhibit A does not set forth that the "Current Balance" of $1,940.46 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Current Balance" of $1,940.46 was static and that their payment of $1,940.46 would satisfy the debt irrespective of when the payment was remitted.

49. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

50. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages

award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

51. Battersby owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

52. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

53. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, Midland had a guaranteed right to interest on the "Current Balance" of $1,940.46 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

54. Based on the above, the "Current Balance" of $1,940.46 set forth in Exhibit A was not static. Instead, interest was in fact accruing and owed on the "Current Balance" of $1,940.46 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

55. Based on the above, at any time after the date of Exhibit A, Midland had the right to recall Battersby's account from MCM; and subsequently, Midland could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Current Balance" of $1,940.46 set forth in Exhibit A was paid.

56. In the alternative, at any time after the date of Exhibit A, Midland had the right to recall

Battersby's account from MCM; and subsequently, Midland could have sold Battersby's debt to a third party and based on the above such third party could seek the interest that accumulated after Exhibit A was sent but before the "Current Balance" of $1,940.46 set forth in Exhibit A was paid.

57. For the above reasons, at any time after the date of Exhibit A, the "Current Balance" due from Battersby and/or the "Current Balance" sought from Battersby may have increased due to the aforementioned accrued interest.

58. Upon information and belief, Midland or an entity on its behalf issued work standards, directives, and/or guidelines to MCM which contained instructions, controls, and rules governing the steps MCM could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

59. All the actions alleged in this Complaint taken by MCM were taken by MCM as the "debt collector" for the "debt collector" Midland.

60. Based on the allegations in the above two paragraphs, Midland is vicariously liable for the actions of MCM.

61. Based on the above, since Exhibit A does not set forth that the "Current Balance" of $1,940.46 may increase due to interest, Defendants violated 15 USC § 1692e by sending Exhibit A to Battersby.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

62. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-24 of this Complaint.

63. Upon information and belief, Midland or an entity on its behalf issued work standards, directives, and/or guidelines to MCM which contained instructions, controls, and rules

governing the steps MCM could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

64. All the actions alleged in this Complaint taken by MCM were taken by MCM as the "debt collector" for the "debt collector" Midland.

65. Based on the allegations in the above two paragraphs, Midland is vicariously liable for the actions of MCM.

66. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

67. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-24 of this Complaint.

68. Upon information and belief, Midland or an entity on its behalf issued work standards, directives, and/or guidelines to MCM which contained instructions, controls, and rules governing the steps MCM could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

69. All the actions alleged in this Complaint taken by MCM were taken by MCM as the "debt collector" for the "debt collector" Midland.

70. Based on the allegations in the above two paragraphs, Midland is vicariously liable for the actions of MCM.

71. By sending Exhibit A to Battersby, Defendants violated 15 USC 1692g.

## CLASS ALLEGATIONS

72. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

73. The class consist of (a) all natural persons (b) who received a letter from MCM on behalf of Midland dated between August 31, 2016 and the present, (c) to collect a past due debt regarding a credit card account, (d) in a form materially identical or substantially similar to Exhibit A.

74. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

75. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

76. The predominant common question is whether Defendant's letters violate the FDCPA.

77. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

78. A class action is the superior means of adjudicating this dispute.

79. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

    2. Any and all other relief deemed just and warranted by this court.

Dated:       March 20, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709